[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12564
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00022-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE STEPHENS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 19, 2013)

Before BARKETT,  MARCUS  and KRAVITCH, Circuit Judges.

PER CURIAM:

Charlie Stephens appeals following his conviction and 33-month guideline

sentence for extortion by a public official, in violation of 18 U.S.C. § 1951.

Stephens was a sheriff's deputy in Talbot County, Georgia, when he arranged with a government informant to seize and share $8,000 in drug money that the informant told Stephens he would be transporting.  Following completion of the plan, government agents arrested Stephens and he pled guilty in open court.  According to his presentence investigation report ("PSI"), Stephens had a guideline imprisonment range of 30 to 37 months and a financial net worth in excess of $100,000.  He was also 77 years old at the time, with a history of various health problems.  The district court judge ultimately sentenced Stephens to 33 months of imprisonment, and granted the government's request for $4,400 in restitution, consistent with amounts the government proved at sentencing he took from the government source.

On appeal, Stephens argues that his term of imprisonment and restitution amount are procedurally unreasonable because the district court failed to consider his age, health, and inability to pay restitution and that his sentence is substantively unreasonable because the district court improperly weighed the sentencing factors. However, we find the sentence here free of procedural error.  The district court explicitly considered the § 3553 factors, the guidelines, and the PSI, which reflected Stephens's health conditions, advanced age, and financial condition.  The district court also referenced the parties' arguments, and discarded age and health as a reason for a downward variance or departure, noting that  Stephens's age and

health did not act to prevent his crime.  The court explicitly acknowledged that it had considered the defendant's arguments and the factors set forth in § 3553(a).

The district court also did not err, for the reasons advanced on appeal, in its restitution order.  The district court need not make explicit findings as to ability to pay when Stephens's financial condition was detailed thoroughly in the PSI.  In addition, his net worth of over $100,000 makes clear that he has the ability to satisfy a $4,400 restitution order.  Accordingly, the sentence was procedurally reasonable.

The sentence was also substantively reasonable.  The district court gave Stephens a guideline range sentence, which we ordinarily expect to be reasonable. Other than asking us to reweigh the sentencing factors, Stephens has not demonstrated, as is his burden, how the district court's sentence was outside of the range of reasonable sentences dictated by the facts of the case.  Rather, a sentence of less than three years of imprisonment for a police officer found responsible at sentencing, and unchallenged on appeal, for two instances of extortion by a public officer, is well within the range of reasonable sentences.  The district court heard and specifically addressed the § 3553 factors raised by defense counsel.

**AFFIRMED.**

3